UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MARIE GISELE KAMANOU GOUNE,<br><br>Debtor. | Chapter 13<br><br>Case No.: 26-22857 (DSJ) |

**MEMORANDUM DECISION (1) DENYING DEBTOR'S MOTION TO DECLARE UNDERLYING FORECLOSURE JUDGMENT VOID (2) DENYING DEBTOR'S MOTION TO IMPOSE THE AUTOMATIC STAY, AND (3) GRANTING TRUSTEE'S MOTION TO DISMISS THE CASE WITH PREJUDICE**

**APPEARANCES:**

MARIE GISELE KAMANOU GOUNE
*Pro Se Debtor*
23 Muir Place
New Rochelle, New York 10801

CHAPTER 13 STANDING TRUSTEE
399 Knollwood Road,
Suite 102
White Plains, New York 10603
By: Thomas C. Frost
Rebecca Richards

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
*Attorneys for Deutsche Bank*
13010 Morris Road,
Suite 450
Alpharetta, GA 30004
By: Suzanne Youssef

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## INTRODUCTION

Standing Chapter 13 trustee Thomas C. Frost ("Trustee") moves to dismiss ("Motion to Dismiss") this Chapter 13 bankruptcy case with prejudice and with a two-year filing bar pursuant to 11 U.S.C. §§ 1307(c) and 105(a). [ECF 40]. Through a series of submissions, *pro se* debtor

Marie Gisele Kamanou Goune ("Debtor") objects to the Motion to Dismiss and, *inter alia*, seeks to (i) impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B) and (ii) void a foreclosure judgment that was entered against her in state court [ECF 21, 22, 34, 50]. For the reasons stated, the Trustee's Motion to Dismiss is GRANTED, and the Debtor's requests are DENIED.

## BACKGROUND

### A. State Foreclosure Action

The Debtor owns property located at 23 Muir Place, New Rochelle, NY 10801 ("Property"). On March 7, 2024, Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE1 Trust ("Deutsche Bank") commenced a foreclosure action against the Debtor on the Property in the Supreme Court of the State of New York, Westchester County ("State Court"), captioned *Deutsche Bank, N.A. v. Marie-Gisele Kamanou-Goune, et al.* ("Foreclosure Action"). With limited exceptions identified below, the following account of the Foreclosure Action draws entirely on that case's docket sheet and publicly available filings on the New York State Courts Electronic Filing System ("NYSCEF") under Index No. 58282/2024. Because this source material is readily identifiable and reliably available, and in the interest of brevity, this opinion does not provide granular record citations.

On October 30, 2024, Deutsche Bank moved for summary judgment and order of reference ("Summary Judgment") in the Foreclosure Action, and the State Court granted the motion on July 8, 2025. The court-appointed referee computed the amount due on the note to be $554,761.74 as of June 22, 2024. On August 21, 2025, Deutsche Bank requested an order confirming the referee's report and granting judgment.

While the Foreclosure Action was continuing, the Debtor filed a petition for relief in this Court under Chapter 13 of the Bankruptcy Code on September 2, 2025 ("First Bankruptcy Case"). *See In re Marie-Gisele Kamanou-Goune,* Case No. 25-22825. Unaware of Debtor's bankruptcy filing, a representation that Debtor has not challenged, Deutsche Bank filed a motion to confirm referee report and for a judgment of foreclosure and sale ("Motion for Judgment of Foreclosure and Sale") the next day.

On September 10, 2025, with no state court activity reported since the filing of the Motion for Judgment of Foreclosure and Sale, Deutsche Bank's counsel wrote to Judge Paul I. Marx of the Westchester Supreme Court, informing the court of the bankruptcy filing and stating that the foreclosure action "is subject to an automatic stay and cannot proceed until the automatic stay is terminated." The letter requested, "Please hold the Motion for Judgment of Foreclosure and Sale in abeyance until the stay is terminated." The letter further stated, "Our office will advise the Court once the automatic stay is terminated and the foreclosure action can proceed." The state-court docket reflects no response from the Debtor, nor does any bankruptcy docket sheet reflect any application by her for relief for any asserted violation of the automatic stay on the part of Deutsche Bank. On November 26, 2025, Deutsche Bank filed a docketed letter in state court reporting that the automatic stay terminated on November 17, 2025, by an order of this Court, and that "this foreclosure action can proceed." The letter further requested that the state court "schedule a return date" on the Motion for Judgment of Foreclosure and Sale. The state court docket reflects no response from Debtor.

On December 2, 2025, the First Bankruptcy Case having been dismissed, the Debtor filed another bankruptcy case in this Court ("Second Bankruptcy Case"). *See In re Marie Gisele Kamanou Goune,* Case No. 25-23171. On December 17, 2025, with no further action having

been taken in state court, Deutsche Bank filed a letter informing the court of the Second Bankruptcy Case and its immediate effect of automatically staying the Foreclosure Action. The letter asked the court to hold the pending motion in abeyance and stated that Deutsche would report when the automatic stay is terminated and the case can proceed. The state court docket sheet reflects no further activity until May 8, 2026, when Deutsche Bank filed a letter reporting that the automatic stay from the Second Bankruptcy Case had been terminated by order of this Court dated May 6, 2026. The letter requested a return date for the Motion for Judgment of Foreclosure and Sale. Again, the Debtor submitted no response.

On June 23, 2026, Deutsche Bank docketed a letter requesting entry of a judgment on account both of Debtor's default in the case and the unopposed summary judgment motion. The Debtor did not respond. On June 25, 2026, Judge Marx signed an order that was entered on July 1, 2026, affirming the referee's report and judgment of foreclosure and sale ("Foreclosure Judgment").

**B. Post-Judgment Proceedings in State Court**

Although the Debtor did not oppose or appear in the Foreclosure Action before the Foreclosure Judgment was entered, the Debtor subsequently followed with active post-judgment challenges. Almost a month after the entry of the Foreclosure Judgment, the Debtor filed a proposed order to show cause in state court on July 31, 2026, seeking a variety of relief. On August 3, 2026, the court noted its declination to sign the Debtor's proposed order to show cause. Soon after Deutsche Bank's docketing of a Notice of Sale on August 4, 2026, scheduling the public auction of the property for August 31, 2026, the Debtor submitted a second proposed order to show cause seeking to stay the sale and vacate the judgment as *void ab initio* pursuant to CPLR § 5015(a)(4). The Court held an initial conference on August 20, 2026, and noticed the

case for argument on September 21, 2026. Separately, on August 21, 2026, the state court issued a short order memorializing and explaining its decision not to enter Debtor's proposed order to show cause.

On August 27, 2026, Deutsche Bank docketed a corrected notice of sale pursuant to the state court's judgment. The sale was noticed for September 25, 2026. For that reason, on August 31, 2026, the state court declined to enter another proposed order to show cause submitted by Debtor, which had sought to enjoin the originally noticed August 31 sale. Briefing proceeded, with Deutsche Bank making a substantial submission on September 4, 2026. On September 11, 2026, Deutsche Bank submitted a further letter to the state court, noting that the original recitation of an intended August 31 sale date had been in error, and that the intended date was September 25 as soon clarified. The same letter informed the state court of a third bankruptcy case filed by Debtor, but correctly stated that, by operation of Section 362(c)(4) of the Bankruptcy Code, no automatic stay went into effect with the filing of her latest bankruptcy case by virtue of two or more dismissals of prior bankruptcy cases during the preceding one year. By letter dated September 23, Deutsche Bank notified the state court that it had cancelled the September 25 sale in order to permit orderly resolution of Debtor's motion filed in this Court to impose the stay. On September 29, 2026, the state court entered a notice adjourning an appearance in the case to November 12, 2026.

**C. Prior Bankruptcy Dismissals**

Two months after the state court granted Deutsche Bank's Summary Judgment and less than two weeks after Deutsche Bank requested an order confirming the referee's report and granting judgment, the Debtor filed a bare-bones petition in the First Bankruptcy Case on

September 2, 2025 ("Petition Date"). [First Bankruptcy Case ECF[1] 1]. At the Petition Date, the Debtor failed to submit the credit counseling certificate required under 11 U.S.C. § 109(h)(1). No request to extend the deadline to file the certificate was made. Subsequently, the Trustee brought a Motion to Dismiss on October 15, 2025 for failure to (i) commence making Chapter 13 plan payments as required by 11 U.S.C. § 1326(a)(1), (ii) be examined at the section 341 meeting as required by 11 U.S.C. § 343, (iii) provide the Trustee with a copy of Federal and State income tax returns or transcripts for the most recent tax year at least 7 days before the first meeting of creditors as required by 11 U.S.C. § 521(e)(2)(A)(i), (iv) file a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. § 1328(a), and (v) file evidence of completion of a course concerning personal financial management as required by 11 U.S.C. § 1328(g)(1). [First Bankruptcy Case ECF 22]. Although the Debtor filed a Certificate of Credit Counseling on October 17, 2025, the certificate reflected that the counseling was completed on October 16, 2025, 44 days after the Petition Date. [First Bankruptcy Case ECF 23]. This Court held a hearing on the Trustee's Motion to Dismiss on November 5, 2025. After hearing both the Trustee and the Debtor, the Court granted the Trustee's Motion and entered an Order Dismissing Case on November 14, 2025 [First Bankruptcy Case ECF 29].

On December 2, 2025, almost a week after Deutsche Bank filed its letter in state court seeking a return date on its pending Motion for Judgment of Foreclosure and Sale, the Debtor filed the Second Bankruptcy Case, again as a bare-bones petition. [Second Bankruptcy Case ECF 1]. Five months later, the Second Bankruptcy Case was dismissed on April 30, 2026, upon the

[1] References to docket entries from the main case, No. 26-22857 (DSJ), will be to "ECF" References to docket entries from the First Bankruptcy Case, No. 25-22825, will be to "First Bankruptcy Case ECF" References to docket entries from the Second Bankruptcy Case, No. 25-23171, will be to "Second Bankruptcy Case ECF"

Trustee's Motion for reasons (i) – (iv) above and for Debtor's failure to file a Chapter 13 Plan as required by 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015(b). [Second Bankruptcy Case ECF 35]. The Debtor appealed this dismissal order to the District Court. *See* No. 7:26-cv-03581-JGLC (S.D.N.Y.).

**D. The Instant Bankruptcy Case**

On August 26, 2026, her two prior bankruptcy cases having been dismissed, the Debtor filed the instant bankruptcy case under Chapter 13 of the Bankruptcy Code. Deutsche Bank filed a proof of claim on November 2, 2026 in the amount of $643,744.53, including $202,931.86 in pre-petition arrears. *See* Claim No. 1-1. The claims bar date was November 4, 2026, and no other creditor filed a claim. According to Debtor's Schedule I, the Debtor's only income is a family contribution in the amount of $200.00 monthly. [ECF 19, Schedule I]. The Debtor reported that she expects to receive an increase in income from a United Nations Joint Staff Pension Fund account in the amount of $89,245.06. [ECF 19, Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 4]. The Debtor's Schedule J outlines a total of $600.00 in monthly expenses comprising $300.00 for food and housekeeping supplies, $200.00 for medical and dental expenses, and $100.00 for transportation, while listing $0.00 for all other expenses including rent or mortgage, utilities, clothing, and insurance. [ECF 19, Schedule J]. Accordingly, the Debtor's reported monthly disposable income is negative $400.00. Additionally, the Debtor's Chapter 13 plan docketed on September 8, 2026 proposes $0.00 in monthly plan payments. [ECF 15].

Soon after the commencement of the instant case, the Debtor filed an emergency motion to impose the stay on shortened notice. [ECF 21, 22]. The Court granted the request to shorten notice and scheduled a hearing for September 16, 2026 ("September 16 Hearing"). [ECF 23]. At

the September 16 Hearing, the Court set a schedule for Deutsche Bank to respond to Debtor's Motions. On September 18, 2026, Deutsche Bank filed an opposition to the Motion to Impose the Stay, arguing that the Debtor had not satisfied the requirement to show a change in circumstance and that (i) her arguments were the same challenges raised in state court without success, (ii) under *Rooker-Feldman,* the Court lacks jurisdiction to overturn the Foreclosure Judgment, and (iii) the case was filed in bad faith as the Debtor had no prospect of confirming a plan. [ECF 27]. Deutsche Bank also objected to confirmation of the Debtor's Plan. [ECF 35]. On September 22, 2026, the Debtor made a request to declare the underlying Foreclosure Judgment void *ab initio.* [ECF 34]. Meanwhile, on October 1, 2026, the Trustee moved to dismiss the case with prejudice and to impose a two-year filing bar. [ECF 40].

By orders dated October 5, 2026, the Court scheduled all pending matters for October 20, 2026, and directed Deutsche Bank to address the applicability of *In re 48th St. Steakhouse, Inc.,* 835 F.2d 427 (2d Cir. 1987) to its Motion for Judgment of Foreclosure and Sale. [ECF 44]. The Debtor opposed the Motion to Dismiss on October 14, 2026. [ECF 50]. Deutsche Bank did not make a further submission. The Court held a hearing on October 20, 2026 on all pending matters ("October 20 Hearing"), including the Motion to Dismiss, and took the matter under advisement. Following the October 20 Hearing, the Debtor filed supplemental submissions. [ECF 52, 54].

## LEGAL STANDARD

### A. *Rooker Feldman*

"Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments." *Wilson v. Deutsche Bank Nat'l Tr. (In re Wilson)*, 410 F. App'x 409, 410 (2d Cir. 2011) (summary order) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983) and *Rooker v. Fid. Tr.*

*Co.*, 263 U.S. 413, 415-16 (1923)); *accord Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 426-27 (2d Cir. 2014). There are four requirements that must be met for the doctrine to apply: "(1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite federal court review and rejection of that judgment; and (4) the state court judgment must have been entered before the federal court proceedings commenced." *In re Lawtone-Bowles*, 2025 WL 3164631, at *5 (Bankr. S.D.N.Y. Nov. 12, 2025) (internal quotation marks and citations omitted); *see also Hoblock v. Albany Cnty. Bd. Of Elections,* 422 F.3d 77,85 (2d Cir. 2005). "Courts in the Second Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Id.* (internal quotation marks and citations omitted).

**B. Motion to Impose Stay**

Pursuant to 11 U.S.C. § 362(c)(4)(A)(i), "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). However, if the Debtor "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed," the Court may order the stay to take effect. 11 U.S.C. § 362(c)(4)(B); *see also In re Marcano,* No. 19-11228 (JLG), 2019 WL 2612730, at *3 n.4 (Bankr. S.D.N.Y. June 24, 2019).

Section 362(c)(4)(D) provides that for purposes of section 362(c)(4)(B), "a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)" where two or more previous cases of the debtor were pending within the previous year. 11 U.S.C. § 362(c)(4)(D); *see In re Ajunwa,* No. 11-11363 (ALG), 2012 WL 3820638, at *5 (Bankr. S.D.N.Y. Sept. 4, 2012). "Relevant considerations for

rebutting that presumption include: (1) whether there has been a substantial change in the debtor's financial or personal affairs since dismissal of the prior case, and (2) whether the record otherwise shows that the present case is likely to result in a confirmed plan that will be fully performed." *In re Cameau*, No. 26-10375-JPM, 2026 WL 1361691, at *3 (Bankr. S.D.N.Y. May 14, 2026). "Absent that showing, the presumption of bad faith remains unrebutted." *Id.*

**C. Dismissal With Prejudice**

11 U.S.C. § 1307(c) provides that, "on request of a party in interest…after notice and a hearing, the court may . . . may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause," including "(1) unreasonable delay by the debtor that is prejudicial to creditors" and "(4) failure to commence making timely payments under section 1326 of this title." 11 U.S.C. § 1307(c)(1), (4).

"The bankruptcy court can also dismiss the petition...under § 1307(c) if the debtor files his petition in bad faith." *In re Eatman,* 182 B.R. 386, 392 (Bankr. S.D.N.Y. 1995) (citations omitted); *see also Plagakis v. Gelberg* (*In re Plagakis*), 2004 WL 203090 at *4 (E.D.N.Y. Jan. 27, 2004) (bad faith filing constitutes "cause" for dismissal). "The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) (citing supporting authorities). The Second Circuit has affirmed a filing bar against serial filers who were filing bankruptcy petitions to frustrate a secured creditor's foreclosure rights. *Casse v. Key Bank Nat'l Ass'n, (In re Casse)*, 198 F.3d 327, 339 (2d Cir. 1999) ("We take this opportunity to ally ourselves with the Fourth Circuit and the great majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days."); *id*. at 342 ("Given

the Casses' manifest and abusive bad faith and the court's just purpose in allowing Key Bank to proceed with its long-delayed foreclosure remedy, we find no abuse of discretion."). Further, "[w]here there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a)." *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983).

To determine whether a debtor filed her petition in bad faith, the Court must review the "totality of the circumstances," including "whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong,* 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir. 1992)). The Court may consider the following factors when analyzing a Chapter 13 debtor's bad faith: (1) the debtor has few or no unsecured creditors; (2) the debtor has previously filed for bankruptcy; (3) the debtor's pre-petition conduct was improper; (4) the debtor's petition allows him or her to evade court orders; (5) the debtor has few debts to non-moving creditors; (6) the petition was filed on the eve of foreclosure; (7) the foreclosed property was the sole or major asset of the debtor; (8) no possibility exists for reorganization; (9) the debtor's income is insufficient to operate; (10) there is no pressure from non-moving creditors; (11) reorganization essentially involves the resolution of a two-party dispute; (12) the debtor filed solely to obtain an automatic stay; (13) the petition contains deficiencies or inaccuracies meant to mislead the court; (14) payments are fundamentally fair in timing and amount; (15) debtor had an improper motive in seeking relief; and (16) under the totality of the circumstances, the debtor has abused the provisions, purposes, and/or spirit of Chapter 13. *In re Mendinghall*, 677 B.R. 861, 866 (Bankr. S.D.N.Y. 2026) (citations omitted). "A finding of bad faith is a highly

factual determination, and that determination is left to the sound discretion of the bankruptcy court." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

### A. *Rooker-Feldman*

The *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction to void the Foreclosure Judgment. The four requirements of *Rooker-Feldman* are plainly met here. First, the Foreclosure Judgment entered against the Debtor means that the Debtor "lost" in state court. *See Vossbrinck,* 773 F.3d at 426; *In re Wilson*, 410 F. App'x at 410. The second and third elements are also satisfied because the Debtor's requested relief essentially requires this Court to reject the Foreclosure Judgment by deeming it void *ab initio*. *See Vossbrinck,* 773 F.3d at 427 (holding that the second and third elements of *Rooker-Feldman* are met where movant asks federal court to review the state court proceedings and declare the foreclosure judgment void); *In re Wilson,* 410 F. App'x at 410-11. Lastly, the Foreclosure Judgment was entered on July 1, 2026, two months after the dismissal of the Second Bankruptcy Case and when no automatic stay was in place. Thus, the Debtor's request is essentially a collateral attack on a judgment of foreclosure clearly barred by the *Rooker-Feldman* doctrine and outside this Court's purview. *See In re Mehl*, 660 B.R. 353, 360-61 (Bankr. S.D.N.Y. 2024) (citing supporting authorities).

Prior to the October 20 Hearing, the Court directed Deutsche Bank to address the applicability of *In re 48th St. Steakhouse, Inc.* to its filing of the Motion for Judgment of Foreclosure and Sale. 835 F.2d 427 (2d Cir. 1987). At the hearing, Deutsche Bank stated that it took no action in the Foreclosure Action once it became aware of the stay. Meanwhile, the Debtor contends that under *48th St. Steakhouse* and *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2d Cir. 1994), the Foreclosure Judgment is void absent an annulment of the stay,

evidently the theory that, even though no stay was in effect when the judgment was entered, Deutsche Bank unknowingly filed an earlier pleading at a time when the stay had (only just) come into effect. As mentioned above, the Foreclosure Judgment required no such annulment of the stay because it was entered after the stays in both the First Bankruptcy Case and Second Bankruptcy Case were terminated upon dismissal. 11 U.S.C. § 362 (c)(2)(B). Both *48th St. Steakhouse* and *Rexnord* discuss actions taken while the automatic stay was in effect; neither proposes that a judgment entered after the stay has terminated is void.

The Debtor nonetheless argues that because the underlying motion that eventually led to the judgment was filed in violation of the stay of the First Bankruptcy Case, the post-dismissal Foreclosure Judgment is void *ab initio.* The Court declines to adopt such an expansive interpretation of the law. While some courts have recognized a void *ab initio* exception to *Rooker-Feldman* that "is limited to situations in which the harm complained of falls within the repository of jurisdiction arising by virtue of the bankruptcy, such as violations of the automatic stay," this narrow exception does not arise here. *Buckskin Realty Inc. v. Windmont Homeowners Ass'n, Inc. (In re Buckskin Realty Inc.)*, No. 1-13-40083-NHL, 2016 WL 5360750, at *5 (Bankr. E.D.N.Y. Sept. 23, 2016). Here, once Deutsche Bank became aware of the First Bankruptcy Case, it promptly filed a letter informing the state court and stayed any action until the stay was lifted. Indeed, the Debtor did not inform Deutsche Bank of both bankruptcies, either by filing a letter on the state court docket or by listing Deutsche Bank as a creditor in the petitions. At all times, it was Deutsche Bank that informed the state court of the Debtor's bankruptcies by docketing a letter shortly after their commencement. *Cf. Kline v. Deutsche Bank Nat'l Tr. Co. (In re Kline)*, 472 B.R. 98, 103-06 (B.A.P. 10th Cir. 2012), aff'd, 514 F. Appx. 810 (10th Cir. 2013) (holding that *Rooker-Feldman* bars collateral attack on resulting foreclosure judgment where

creditor inadvertently took steps in state foreclosure action without knowledge of bankruptcy filing but promptly stayed further prosecution upon learning of the stay and obtained judgment only after dismissal of the bankruptcy case). Further, any causal connection between Deutsche Bank's original motion and the judgment was broken by appropriate steps Deutsche Bank repeatedly took – informing the state court of the stay and suspending the pursuit of creditor remedies, then renewing that pursuit when the stay was no longer in effect, with the state court not entering the Foreclosure Judgment until July 1, 2026, months after both prior bankruptcies were dismissed.

Because the Foreclosure Judgment (i) resulted directly from requests that were filed after the stay ceased to be in effect that accordingly did not violate the automatic stay and (ii) was entered when no automatic stay was in effect, it is not void. This reality defeats Debtor's only argument that requires detailed assessment beyond the routine application of the *Rooker-Feldman* doctrine, so that, even if a showing of a judgment's voidness could overcome an otherwise applicable *Rooker-Feldman* bar, no such showing has been made here.

This reality and the *Rooker-Feldman* doctrine also defeat Debtor's other contentions, which essentially consist of challenges to Deutsche Bank's standing and its right to enforce the mortgage – all of which were implicitly or explicitly rejected in the state court proceedings that culminated in the Foreclosure Judgment. Accordingly, the Debtor's request to void the Foreclosure Judgment is DENIED.

**B. Dismissal With Prejudice**

The Trustee has shown entitlement to an order dismissing this case with prejudice and imposing a filing bar of two years. First, the Trustee has established sufficient cause to dismiss this Chapter 13 case under section 1307(c)(1). "Where a debtor has no prospect of proposing a

confirmable Chapter 13 plan, dismissal under section 1307(c)(1) is proper." *In re Lawtone-Bowles,* No. 25-35655 (KYP), 2026 WL 460627, at *3 (Bankr. S.D.N.Y. Feb. 17, 2026) (citing *In re Merhi,* 518 B.R. 705, 719-720 (Bankr. E.D.N.Y. 2014)). That is the case here. The Debtor has explicitly stated that she filed her current bankruptcy case in an attempt to again stay the Foreclosure Action, even though doing so in this third case within a year is not automatic, and requires a successful motion to this Court. [ECF 22 p.2]. Yet Debtor's Schedules I and J indicate that the debtor has a negative monthly disposable income and that the Debtor is unable to make *any* Chapter 13 plan payments as required under 11 U.S.C. §§ 1325(a)(6) and 1326(a)(1). Further, Deutsche Bank has a secured claim of $643,744.53, including $202,931.86 in pre-petition arrears. No confirmable plan is feasible or foreseeable under these circumstances. Thus, dismissal is warranted under section 1307(c)(1).

The Trustee also seeks entry of an order under section 105 dismissing the case with prejudice and a filing bar of two years. This relief is more than appropriate applying the standards of *Casse* and other case law discussed infra, including the totality-of-the-circumstances factors set forth in *In re Mendinghall*. 677 B.R. at 866. First, this appears to be a true two-party dispute; the Claims Bar Date passed on November 4, 2026, and no creditor other than Deutsche Bank filed a proof of claim. Thus, it is clearly the case that this bankruptcy case, which has no prospect of yielding a confirmable plan, is simply an attempt by the Debtor to hinder Deutsche Bank's enforcement rights in the Foreclosure Action. Moreover, this is the Debtor's third bankruptcy in one year, and each bankruptcy petition was filed near a critical stage in the Foreclosure Action. The First Bankruptcy Case was filed less than two weeks after Deutsche Bank moved to confirm the referee's report, the Second Bankruptcy Case was filed six days after Deutsche Bank requested a return date on its Motion for Judgment of Foreclosure and Sale, and

this bankruptcy was filed five days before the initially noticed sale date of August 31, 2026. And, to emphasize at risk of repetition, so long as Debtor's lack of income persists she has no possibility of reorganizing and thus no true bankruptcy purpose (and she has not pointed to any reliably certain time or way in which her income will increase at all, much less enough to make a plan viable). The Debtor contends (in the Court's view inaccurately) that the dismissals of her prior cases were purely procedural, but even if that were so the Code speaks in terms of the number of same-year prior cases rather than their merit, and her repeated failure to (i) make or propose plan payments, (ii) provide tax returns, or (iii) file a feasible plan indicates she has not, before or now, performed the most basic duties of a Chapter 13 debtor. The cumulative impact of these considerations cries out for a bad faith dismissal with prejudice and a two-year filing bar. *See In re Martin-Trigona,* 35 B.R. at 601; *In re Mendinghall,* 677 B.R. at 866; *Casse,* 198 F.3d at 339.

The Trustee's Motion to Dismiss the case with prejudice and impose a two-year filing bar is therefore GRANTED.

**C. Motion to Impose the Automatic Stay**

The Debtor's request to impose the automatic stay under section 362(c)(4)(B) is moot in light of the dismissal of this case. Even if that were not the case, the Court would deny Debtor's motion. Debtor has failed to meet her burden to show any change in her circumstance by "clear and convincing evidence" to rebut the bad faith presumption. 11 U.S.C. § 362(c)(4)(D). This bankruptcy case presents no financial circumstances that differ from those that led to dismissal of Debtor's previous two cases. Again, by the Debtor's own admission, her minimal income (just modest family support) is less than her expenses, so she has negative income and thus no ability to fund a plan so as to make up the substantial pre-petition mortgage arrearages that she owes

Deutsche Bank. In fact, Debtor's filed purported plan proposes $0 in monthly payments – plainly insufficient. Accordingly, the Debtor has failed to rebut the bad-faith presumption that applies in this case, and the Debtor's motion to impose the automatic stay is DENIED.

Finally, the Court has considered all of Ms. Kamanou Goune's voluminous submissions and arguments. Any that have not been specifically discussed in this opinion are rejected and/or are insufficient to lead to a different outcome.

## CONCLUSION

For the reasons stated above, it hereby:

**ORDERED,** that the Debtor's request to declare the state court Foreclosure Judgment void *ab initio* is DENIED; and it is further

**ORDERED,** that the Debtor's motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B) is DENIED; and it is further

**ORDERED,** that the Trustee's Motion to Dismiss is GRANTED, and the case is DISMISSED WITH PREJUDICE. The Debtor is barred from filing for relief under any chapter of the Bankruptcy Code for a period of two years from the date of entry of this Order.

IT IS SO ORDERED.

Dated: New York, New York
November 13, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE